CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

--------------------------------------------------------------------X

| | | |
|---|---|---|
| ERIC REYES, | : | Case |
| | : | |
| Plaintiff, | : | No.16cv5559 |
| | : | |
| -against- | : | **COMPLAINT** |
| | : | |
| ON TIME ELITE CELEBRITY & PRODUCTION BUS | : | **Jury Trial** |
| RENTALS, LLC, and DANNY JOSEPH, | : | **Demanded** |
| | : | |
| Defendants. | : | |

--------------------------------------------------------------------X

Plaintiff, ERIC REYES ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants ON TIME ELITE CELEBRITY & PRODUCTION BUS RENTALS, LLC ("ON TIME ELITE"), and DANNY JOSEPH (collectively, "Defendants"), and states as follows:

### INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid straight time wages, (b) unpaid overtime compensation, (c) liquidated damages in an amount equal to that of his unpaid overtime compensation, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New Jersey Wage and Hour Law and Regulations ("NJWHLR"), he is entitled to recover from Defendants: (a) unpaid straight time wages, (b) unpaid overtime compensation, (c) liquidated damages in an amount equal to that of his unpaid overtime compensation, (d) pre-judgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Essex County, New Jersey.

6.      Defendant, ON TIME ELITE, is a domestic limited liability company organized under the laws of the State of New Jersey, with a principal place of business at 50-58 Marshall Street, Hoboken, New Jersey 07030.

7.      Defendant, DANNY JOSEPH, is the owner, President, Chief Executive/Operating Officer, director, proprietor and/or managing agent of ON TIME ELITE, who participated and continues to participate in the day-to-day operations of ON TIME ELITE and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NJWHLR, N.J.S.A. § 34:11-56a(1)(g), and is jointly and severally liable with ON TIME ELITE.

2

8.     At all times relevant herein, defendant DANNY JOSEPH exercised control over the terms and conditions of Plaintiff's employment in that he has and has had the power and authority to: (i) hire and fire employees, (ii) determine rates and method of pay, (iii) determine work schedules and hours worked, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the employees' employment.

9.     Upon information and belief, at all times relevant herein, defendant ON TIME ELITE was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

10.    The work performed by Plaintiff was directly essential to the business operated by Defendants.

11.    At all times relevant herein, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned straight time wages in direct contravention of the FLSA and the NJWHLR.

12.    At all times relevant herein, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and the NJWHLR.

13.    All conditions precedent to the institution of this action have been satisfied, or such conditions have been waived.

## STATEMENT OF FACTS

14.    Defendant DANNY JOSEPH is typically present at ON TIME ELITE every day, and actively participates in the day-to-day operation of ON TIME ELITE.  For instance, Mr. Joseph is not only considered the boss, he personally supervises and directs the work of the employees, instructs all employees how to perform their jobs, and reprimands the employees for any errors made.

15.    In addition, defendant, DANNY JOSEPH, creates, approves, and implements all crucial business policies.  This includes, among other things, decisions concerning the number of hours the employees are required to work, the amount the employees are to be paid, and the method by which the employees are to be paid.

16.    Defendants are engaged in the luxury coach rental business, and provide on-location luxury motor homes and coaches in or around the New York City metropolitan area during the production of various television, video, music, film, fashion and commercial programs.

17.    Defendants' luxury motor homes/coaches are rented by various production companies, or directly by entertainers themselves for numerous reasons, including but not limited to, production, hair and make-up, wardrobe, or simply as a VIP/celebrity hotel suite.

18.    In or about March 2014, Defendants hired Plaintiff to work as a driver for Defendants' luxury coach rental business.

19.    Plaintiff continuously worked for Defendants in that capacity until in or about June 2016.

4

20.    As part of Plaintiff's job responsibilities, Defendants instructed Plaintiff on a daily basis of the location where he was to provide the luxury motor home/coach.

21.    During Plaintiff's employment, he customarily and regularly was required to arrive at Defendants' place of business approximately one and one-half (1½) hours before the time when he was to provide the luxury motor home/coach to the particular production location in order to, among other things, retrieve the trucks from the storage facility, load the trucks with any necessary equipment and/or specifically requested items such as food and beverages, prepare for the day's work, and drive to the specific location where the shoot was being produced.

22.    During Plaintiff's employment, he was also customarily and regularly required to work an additional one and one-half (1½) hours upon the conclusion of the particular production shoot.  Plaintiff was required to work this additional time pursuant to the instruction and demand of Defendants for purposes of, among other things, re-loading the truck with any equipment and other items, re-fueling the truck, driving the truck back to the storage facility, unloading the truck of all equipment and other items, and cleaning the truck in preparation for the following day's job assignment.

23.    This pre and post-shift conduct was a component of Plaintiff's primary job responsibilities and, therefore, are themselves principal activities for which compensation is due.

24.    This pre and post shift conduct consisted of preliminary and postliminary activities that were integral and indispensable to Plaintiff's primary duties.

25.    The performance of these preparatory and postliminary activities were not only necessary for Plaintiff to carry out his job duties, but were required to be performed

5

at the direction and behest of Defendants, and were performed primarily for the benefit of Defendants.

26.     Defendants knowingly and willfully operated their business with a policy and practice of not paying Plaintiff for any of the preparatory and postliminary work performed during the course of his employment.

27.     During Plaintiff's employment, he worked over forty (40) hours per week.

28.     Plaintiff normally worked anywhere from five (5) to seven (7) days per week and, although his work shift varied, Plaintiff typically worked a shift of between twelve and sixteen hours per day and, thus, anywhere from sixty to in excess of eighty (80) hours per week.

29.     From the beginning of his employment through approximately September 2015, Plaintiff was paid $120 per ten (10) hour shift, and $15 per hour for each hour worked in excess of ten (10) per shift.

30.     During this period, Defendants failed to pay Plaintiff at time and one-half his regular rate of pay for all hours worked above forty (40) hours per week in contravention of state and federal law.

31.     Beginning in or about October 2015 and continuing through the remainder of his employment in or about June 2016, Plaintiff was paid $130 per ten (10) hour shift, and $16 per hour for each hour worked in excess of ten (10) per shift.

32.     During this period, Defendants failed to pay Plaintiff at time and one-half his regular rate of pay for all hours worked above forty (40) hours per week in contravention of state and federal law.

33.     Defendants knowingly and willfully operated their business with a policy and practice of not paying either the FLSA overtime rate (of time and one-half) or the New Jersey State overtime rate (of time and one-half) to Plaintiff for hours worked over forty (40) in a workweek.

34.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient wage and hour records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

35.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "34" of this Complaint as if fully set forth herein.

36.     At all times relevant herein, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff is covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37.     At all times relevant herein, Defendants employed Plaintiff within the meaning of the FLSA.

38.     Upon information and belief, at all times relevant herein, defendant ON TIME ELITE had gross revenues in excess of $500,000 per year.

39.     Plaintiff was entitled to be paid at his regular straight time hourly rate for all preliminary or postliminary work to the extent such work was performed prior to Plaintiff working more than forty (40) hours per week.

40.    Plaintiff was entitled to be paid at the rate of time and one-half for all preliminary or postliminary work to the extent such work was performed after Plaintiff's work hours exceeded forty (40) per week.

41.    Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hour provided for in the FLSA.

42.    At all times relevant herein, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for hours worked in excess of forty (40) per workweek.

43.    Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

44.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their complete failure to compensate Plaintiff for certain preparatory and postliminary work time, as well as lawful overtime compensation for all hours worked in excess of forty (40) per workweek, when they knew or should have known such was due.

45.    As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

46.    Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

47.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages.

48.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid straight time wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

49.    Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New Jersey Wage and Hour Law and Regulations]

50.    Plaintiff re-alleges and re-aver each and every allegation and statement contained in paragraphs "1" through "49" of this Complaint as if fully set forth herein.

51.    At all times relevant herein, Defendants employed Plaintiff within the meaning of the NJWHLR, N.J.S.A. § 34:11-56a(1)(g).

52.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff his straight time wages for all preliminary and postliminary work in violation of the NJWHLR.

53.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for all hours worked in excess of forty (40) hours in a workweek in violation of N.J.S.A. § 34:11-56a4.

54.    Defendants knew of and/or showed a willful disregard for the provisions of the NJWHLR as evidenced by their failure to pay Plaintiff his lawful straight time and

overtime compensation for all hours worked when they knew or should have known such was due.

55.    Defendants' actions were willful and not in good faith within the meaning of N.J.S.A. §§ 34:11-56a25.2.

56.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of N.J.S.A. § 34:11-56a20, N.J.A.C. §§ 12:56-4.1, 12:56-4.2.

57.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the N.J.A.C. § 12:56-4.4.

58.    Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendants' acts.

59.    Due to Defendants' NJWHLR violations, Plaintiff is entitled to recover from the Defendants his unpaid straight time wages and overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to N.J.S.A. 34:11-56.8. Plaintiff is also entitled to liquidated damages pursuant to N.J.S.A. § 34:11-56.8.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff, ERIC REYES, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid straight time wages due under the FLSA and the NJWHLR;

(b)     An award of unpaid overtime compensation due under the FLSA and the NJWHLR;

(c)     An award of liquidated damages as a result of Defendants' failure to pay straight time wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d)     An award of liquidated damages as a result of Defendants' failure to pay straight time wages and overtime compensation pursuant to the NJWHLR;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(g)     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       September 14, 2016

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102


By: _____
       Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Erik Reyes_____, am an employee currently or

formerly employed by _On time Elite_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_8/15_____, 2016